UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DAVID ZIRKLE,

      Petitioner,

v.                                                  No.:   3:12-cv-269
                                                               (VARLAN/GUYTON)
JOE EASTERLING, Warden,

      Respondent.

**MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which petitioner challenges his convictions, from the early 1990's, for first degree murder and especially aggravated robbery in the Criminal Court for Sevier County, Tennessee. Because it appeared that the petition is barred by the one-year statute of limitation, petitioner was ordered to show cause why his petition should not be dismissed as untimely. Petitioner has failed to respond to the show cause order with the time prescribed. For the following reasons, the petition will be dismissed as time-barred.

Petitioner's conviction was affirmed on direct appeal in 1995. *State v. Zirkle*, 910 S.W. 2d 874 (Tenn. Crim. App.), *perm. app. denied, id*. (Tenn. 1995). The denial of post-conviction relief was affirmed in 2001. *Zirkle v. State*, No. E2000-02605-CCA-R3-PC, 2001 WL 1168195 (Tenn. Crim. App. Oct. 4, 2001), *perm. app. denied, id*. (Tenn. Feb. 19, 2002).

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs

from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. § 2244(d)(2).

Petitioner's habeas corpus petition, which was filed on May 24, 2012, in the U.S. District Court for the Western District of Tennessee and transferred to this Court, is barred by the one-year statute of limitation. Accordingly, the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE